Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3992 | **DATE** | 6/10/2002 |
| **CASE TITLE** | Carlotta M. Allen, individually and on behalf of all others similarly situated vs. NCO Financial Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's and Defendant's Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, plaintiff's motion for summary judgment in its favor is GRANTED [17-1]. Defendant's motion for summary judgment in its favor is DENIED [25-1].

/s/ David H. Coar

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 11 2002 date docketed | 42 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOTTA M. ALLEN, individually and on Behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, )<br>)<br>Defendant. ) | No. 01 C 3992<br><br>HONORABLE DAVID H. COAR<br><br>**DOCKETED**<br>JUN 1 1 2002 |

## MEMORANDUM OPINION AND ORDER

Carlotta M. Allen ("Allen" or "plaintiff"), filed a class action lawsuit in this Court alleging that Defendant, NCO Financial Systems, Inc. ("NCO" or "defendant"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by sending her a second form debt collection letter, the language of which overshadowed, and thus rendered ineffective, the statutorily-required validation notice contained in NCO's initial form debt collection letter. Before this court are cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56") by plaintiff Allen and defendant NCO. For the reasons set forth below, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

I.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

-1-

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Michael v. St. Joseph County, et. al, 259 F.3d 842, 845 (7th Cir. 2001). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Michael, 259 F.3d at 845; Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511.

On cross-motions for summary judgment, each movant must individually satisfy the requirements of Rule 56. Proviso Association of Retarded Citizens v. Village of Westchester, 914 F. Supp. 1555, 1560 (N.D. Ill. 1996); Chicago Truck Drivers, Helpers and Warehouse Workers Union (Ind.) Pension Fund v. Kelly, No. 95 C 501, 1996 U.S. Dist. LEXIS 12901, 1996 WL 507258, *3 (N.D. Ill. 1996). Thus, the traditional standards for summary judgment still apply even though both parties have moved for summary judgment. Blum v. Fisher and Fisher, Attorneys at Law, 961 F. Supp. 1218, 1222 (N.D. Ill. 1997). The Court thus considers the merits of each cross-motion separately and draws all reasonable inferences and resolves all factual uncertainties against the party whose motion is under consideration. O'Regan v. Arbitration Forums, Inc., 246 F.2d 975, 983 (7th Cir. 2001); Chicago Truck Drivers, 1996 WL 507258 at *3. This "Janus-like perspective. . . sometimes forces the denial of both motions," but only where there are material facts in dispute. Buttitta v. City of Chicago, 803 F. Supp. 213, 217 (N.D. Ill. 1992), aff'd, 9 F.3d 1198 (7th Cir. 1993).

II. Factual Background

Plaintiff, Allen, is a citizen of the State of Illinois residing in the Northern District of Illinois from whom Defendant attempted to collect a consumer debt allegedly owed to American Express. Defendant, NCO, is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails to collect, or attempt to collect, consumer debts, in the Northern District of Illinois.

Defendant, in an attempt to collect a consumer debt, sent Allen an initial form debt collection later, dated September 8, 2000 which stated the following:

Dear Carlotta M. Allen,

Please be advised that this company is under contract with the above referenced creditor [American Express]. This creditor has forwarded us the above referenced account for collection of the entire amount due.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

You may contact Ingrid Countee at (800)-578-2314 if you have any questions or if there are any extenuating circumstances that are preventing you from satisfying this debt. You may also expedite the matter by arranging for a check by phone payment. Please be sure the above file number is on the outside of your remittance envelope to ensure proper credit.

Sincerely,
John Riker
Operations Manager

This is a communication from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.

On September 12, 2000, four days after the first letter, defendant sent Allen a second form collection letter which stated the following:

Dear Carlotta M. Allen,

Please be advised we are under contract with the above referenced creditor [American Express] to collect the balance due and owing by reason of the default of the above referenced account.

To date, our records indicate that you have not responded to our previous letter. Perhaps this is an oversite [sic] on your part. The balance due on this account is due and payable in full. Please forward a check or money order for the balance in full. You may expedite this matter by arranging for a check by phone payment by calling (800) 891-8408. Please include the above file number on the outside of the remittance envelope to ensure proper credit.

In addition, you may contact Ingrid Countee at (800)891-8408 if you have any questions or if there are extenuating circumstances that are preventing you from satisfying this debt.

Sincerely,
John Riker
Operations Manager

This is a communication from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.

III. Discussion

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors . . . and . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To that end, the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. It is undisputed that Allen is a "consumer", NCO is a "debt collector," and the obligation owed to American Express is a "debt" as defined under the FDCPA. 15 U.S.C. § 1692a(3), (5), (6). Thus, there is no question that the FDCPA applies.

Pursuant to the FDCPA, debt collectors are required to inform debtors at the outset that the debtor has 30 days to dispute the validity of the debt, and that in response to a written request "the debt collector will obtain verification of the debt [from the creditor] . . . and a copy of [the] verification . . . will be mailed to the consumer." 15 U.S.C. sec.1692g(a)(1)-(4). "A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message." Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996).

In deciding whether a debt collection letter is false, misleading or deceptive, we view the letter through the eyes of an unsophisticated debtor. Pettit v. Retrieval Masters Creditors Bureau,

Inc., 211 F.3d 1057, 1060 (7th Cir. 2000); Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Gammon v. GC Services Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994). The unsophisticated debtor is not as learned in commercial matters as are federal judges, but neither is he completely ignorant. See Pettit, 211 F.3d at 1060; Walker v. National Recovery, Inc., 200 F.3d 500, 501 (7th Cir. 1999). Thus, on the one hand, an unsophisticated debtor can be described as "uninformed, naive, or trusting." Pettit, 211 F.3d at 1060, quoting, Gammon v. GC Servs., Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994). At the same time, however, the unsophisticated debtor possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses "reasonable intelligence," and is capable of making basic logical deductions and inferences. Pettit, 211 F.3d at 1060. Furthermore, while the unsophisticated debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion. Id. According to the unsophisticated debtor standard, a statement will not be confusing or misleading unless a significant fraction of the population would be similarly misled. Pettit, 211 F.3d at 1060; Gammon, 27 F.3d at 1260 (Easterbrook, J., concurring).

Plaintiff alleges that although defendant's first letter contained the notice required by § 1692g, other language contained in its second letter renders that validation notice ineffective. Thus, plaintiff argues that summary judgment in its favor is appropriate because the statements in the second letter confuse consumers by creating a false sense of urgency as to whether the 30-day validation period has already expired, and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt in violation of § 1692g of the FDCPA.

"Notices sent to debtors must not confuse them about the verification rights established by the Fair Debt Collection Practices Act, 15 U.S.C. sec.sec. 1692-1692o." Walker v. National Recovery Inc., 200 F.3d 500, 501 (7th Cir. 1999), citing, Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997). Summary judgment for the plaintiff is appropriate when a direct contradiction of the notice right is apparent on the face of a collection later. See Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996). On the other hand, the Court may grant summary judgment for the defendant if the letter is not confusing on its face and the plaintiff fails to present any additional evidence establishing an unsophisticated consumer would be misled or confused by the letter. See Petit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1060-62 (7th Cir. 2000). In the middle of these two extremes are cases in which the collection letter presents enough of an ambiguity that an unsophisticated consumer might be misled, but not enough to establish a violation of the FDCPA as a matter of law. See Holt v. Wexler, No. 98 C 7285, 2002 WL 475181 at *8, 2002 U.S. Dist. LEXIS 5244 at *24-25 (N.D. Ill. Mar. 27, 2002).

This case falls into the first category. This case, unlike the previously mentioned cases, involves the alleged confusion caused by two letters sent four days apart. It is undisputed that the first letter standing alone complies with the law. Defendant admits that the letters should be sent thirty days apart. The second letter stated "you have not responded to our previous letter" and that the "balance on this account is due and payable in full." Further, the letter instructed the debtor to "forward a check or money order for the balance in full" and stated that the debtor "may expedite this matter by arranging for a check by phone payment." This letter, sent only four days after the first letter, clearly overshadows the validation notice provided in the first letter. The unsophisticated debtor is not expected to know that the language in the first letter takes

precedence over the second letter when the instructions contained in the two letters are read in combination. This Court thinks it plain that plaintiff would not realize she had a statutory right to dispute the debt within 30 days in the face of a second letter from the debt collector telling her to "forward a check or money order for the balance in full." The letter is confusing because it leads the unsophisticated debtor to think she may have lost rights that still remain with her. It implies that the time to protest is over because it did not reiterate the validation notice. Hence, the second letter violates § 1692g. It advances a message that is open to an inaccurate yet reasonable interpretation by the consumer, and is therefore deceptive as a matter of law.

Defendant claims that even if the message was deceptive, summary judgment in its favor is appropriate because the bona fide error provision of the FDCPA relieves it from liability. 15 U.S.C. § 1692k(c) states "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Defendant bears the burden of proving its bona fide error defense by a "preponderance of the evidence." 15 U.S.C. § 1692k(c); Frye v. Bowman, 193 F. Supp. 2d 1070, 1077 (S.D. Ind. 2002).

Defendant maintains that a computer programming error caused the issuance of the second letter only four days after the first letter was sent and that it had procedures in place to avoid such errors. Defendant, however, has failed to produce any evidence as to the alleged computer error - no documents or affidavits evidencing the procedures defendant had in place to avoid such errors, nor any documents or affidavits related to the facts involving this particular computer programming blunder. The language of § 1692k(c) clearly places the burden on

defendant to show both that its violation was unintentional and that it maintained procedures reasonably adapted to avoid the error. See Jenkins v. Heintz, 124 F.3d 824, 834 (7th Cir. 1997). Defendant supports its motion for summary judgment entirely through the statements of its Vice President of Software Development, Kevin S. Engstrom ("Engstrom"). Engstrom was not involved in either the initial computer blunder or the attempt to fix the blunder, but merely took part in an investigation of it after the fact. According to Engstrom, the computer programming blunder was made by Ms. Beson, who was supervised by a Mr. Schaeffer. An investigation of the computer programming blunder was run by a Mr. Dodman. Defendant, who has the burden of proof on this issue, has failed to produce affidavits or any other testimony from Ms. Beson, Mr. Schaeffer or Mr. Dodman. All of Engstrom's knowledge about the alleged computer programming blunder is based on conversations with other employees of defendant, not Engstrom's own knowledge. The testimony is being offered for the truth of the matter asserted, i.e., that defendant's violation was the result of a bona fide error. As such, his testimony constitutes hearsay, which is inadmissible, pursuant to Rules 801 and 802 of the Federal Rules of Evidence.

Even if this Court were to consider the inadmissible hearsay testimony of Engstrom -- the only evidence defendant has provided this court in support of its motion for summary judgment -- defendant has clearly failed to provide any proof that it had any procedures in place to prevent violation of the FDCPA. See Oglesby v. Rotche, 1993 U.S. Dist. LEXIS 15687, 1993 WL 460841, at *9 (N.D. Ill. Nov. 5, 1993) (explaining that the bona fide error defense requires a factual showing of actual safeguards reasonably adapted to avoid violations of the FDCPA); see also Green v. Hocking, 792 F. Supp. 1064, 1066 n.5 (E.D. Mich. 1992) (rejecting bona fide error

defense where defendant merely asserted the error was unintentional without supplying evidence of procedural safeguards). Engstrom testified that NCO had no written policies or procedures regarding how its computer programmers were to do their programming. From Engstrom's testimony, it is apparent that the only procedure that NCO had in place to prevent these sorts of computer programming errors was reliance on the programmers experience and NCO's expectations. Specifically, Engstrom explained that it's expected that changes be tested before rolling it into a production environment but could not outline any procedures followed to ensure that the programmers actually did so. The defendant has failed to provide proof of a reasonable procedure it had in place to prevent this type of violation. Accordingly, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

## Conclusion

For the foregoing reasons, summary judgment is GRANTED in favor of the plaintiff and against the defendant. Accordingly, defendant's motion for summary judgment in its favor is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: June 10, 2002